IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC ADETAYO GRILLO, M.D., | No. C 05-2559 SBA |
| Plaintiff. | **ORDER** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendant. | |

On June 22, 2005, Plaintiff Isaac Adetayo Grillo, M.D. ("Plaintiff") filed a complaint against the State of California, the California Department of Corrections (the "CDC"), the California Medical Board (the "CMB"), and William A. Norcross alleging the following causes of action: (1) "injunctive relief" to enforce a June 7, 2002 settlement agreement and for reinstatement of Plaintiff's job and license; (2) violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988; (3) wrongful termination in violation of public policy; (4) "conspiracy to deprive civil rights"; (5) defamation; (6) infliction of emotional distress; (7) tortious interference with existing and prospective business; and (8) fraud.

On July 12, 2005, the State and the CDC filed a Motion to Dismiss. On August 15, 2005, the CMB filed a Motion to Dismiss.

On September 22, 2005, the Court issued an Order granting the CMB's Motion to Dismiss and dismissing all of Plaintiff's claims against the CMB with prejudice. In the September 22, 2005 Order, the Court also granted the State and the CDC's Motion to Dismiss and dismissed Plaintiff's federal causes of action under 42 U.S.C. §§ 1983, 1985, 1986, 1988 with prejudice. Plaintiff's state law claims were also dismissed with prejudice. Plaintiff was granted leave to file an amended complaint against the State and the CDC on or before October 22, 2005, but was warned that he could only file such a complaint if he could allege, in *good faith,* facts sufficient to show that: (1) he has a cognizable federal

cause of action against the State and the CDC that is not barred by the Eleventh Amendment; and (2) he has not knowingly and voluntarily waived his right to assert the claims against the State and CDC. The Court <u>expressly warned Plaintiff that failure to file an amended complaint in compliance with the Court's Order would be construed by the Court as evidence that further leave to amend would be futile.</u>

On October 22, 2005, Plaintiff failed to file an amended complaint. In fact, to date, Plaintiff has failed to file anything with the Court. The Court therefore concludes that Plaintiff is unable to amend his complaint to rectify the deficiencies identified in the Court's September 22, 2005 Order. The Court also concludes that granting Plaintiff any further leave to amend his complaint would be futile.

Accordingly,

IT IS HEREBY ORDERED THAT the above-captioned case is DISMISSED WITH PREJUDICE. The Clerk is directed to close the file and to terminate any pending matters.

IT IS SO ORDERED.

Dated: 10/28/05

SAUNDRA BROWN ARMSTRONG
United States District Judge