IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC ADETAYO GRILLO, M.D.,<br><br>    Plaintiff.<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendant. | No. C 05-2559 SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>[Docket Nos. 35, 37] |

On June 22, 2005, Plaintiff Isaac Adetayo Grillo, M.D. ("Plaintiff") filed a complaint against the State of California, the California Department of Corrections (the "CDC"), the California Medical Board (the "CMB"), and William A. Norcross alleging the following causes of action: (1) "injunctive relief" to enforce a June 7, 2002 settlement agreement and for reinstatement of Plaintiff's job and license; (2) violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988; (3) wrongful termination in violation of public policy; (4) "conspiracy to deprive civil rights"; (5) defamation; (6) infliction of emotional distress; (7) tortious interference with existing and prospective business; and (8) fraud.

On July 12, 2005, the State and the CDC filed a Motion to Dismiss. On August 15, 2005, the CMB filed a Motion to Dismiss.

On September 22, 2005, the Court issued an Order granting the CMB's Motion to Dismiss and dismissing all of Plaintiff's claims against the CMB with prejudice. In the September 22, 2005 Order, the Court also granted the State and the CDC's Motion to Dismiss and dismissed Plaintiff's federal causes of action under 42 U.S.C. §§ 1983, 1985, 1986, 1988 with prejudice. Plaintiff's state law claims were also dismissed with prejudice. Plaintiff was granted leave to file an amended complaint against the State and the CDC on or before October 22, 2005, but was warned that he could only file such a complaint if he could allege, in *good faith,* facts sufficient to show that: (1) he had a cognizable federal

1 cause of action against the State and the CDC that is not barred by the Eleventh Amendment; and (2) he had not knowingly and voluntarily waived his right to assert the claims against the State and CDC. The Court <u>expressly</u> warned Plaintiff that failure to file an amended complaint in compliance with the Court's Order would be construed by the Court as evidence that further leave to amend would be futile.

On October 22, 2005, Plaintiff failed to file an amended complaint. Accordingly, on October 28, 2005, the Court issued an order dismissing Plaintiff's case with prejudice and closing the file. On that same day, Plaintiff filed a Motion to Withdraw Order Dismissing the Case. On November 7, 2005, Plaintiff filed a Motion for Leave to File a Belated First Amended Complaint and Motion for Relief from Judgment Under Rules 59(e) and 60. In Plaintiff's Motions, Plaintiff's counsel explained that he missed the filing deadline due to scheduling difficulties with his client. Plaintiff's counsel also stated that he had been working diligently and in good faith to draft an amended complaint that complied with the Court's September 22, 2005 Order. Plaintiff therefore requested that the Court set aside its judgment dismissing the case and requested leave to file a First Amended Complaint, which Plaintiff attached to his Motion for Relief from Judgment.

On November 22, 2005, this Court issued an Order granting Plaintiff's Motions and restoring the case to the active docket. Plaintiff was also granted leave to file a First Amended Complaint.

On November 28, 2005, pursuant to the Court's November 22, 2005 Order, Plaintiff filed a First Amended Complaint against the CDC and William A. Norcross (hereinafter "Norcross").

On December 12, 2005, the CDC filed a Motion to Dismiss Plaintiff's First Amended Complaint.

On February 14, 2006, the Court issued an Order granting the CDC's Motion to Dismiss with prejudice. In that Order, the Court expressly noted that Plaintiff's First Amended Complaint utterly failed to address or rectify any of the concerns set forth in the Court's September 22, 2005 Order dismissing his initial complaint and merely repeated the same factual allegations that the Court had already deemed to be insufficient. Additionally, the Court warned Plaintiff that, since all of his federal claims were being dismissed from the lawsuit, the Court was declining to exercise supplemental jurisdiction over Plaintiff's claims against Norcross pursuant to its authority under 28 U.S.C. § 1367(c)(3). Since the First Amended Complaint was devoid of any facts or allegations showing that the amount in controversy between Plaintiff and Norcross was in excess of $75,000, Plaintiff was <u>instructed</u>

2

to show cause as to why the case should not be dismissed for lack of diversity jurisdiction. Plaintiff was instructed to file a brief in response to the Court's Order to Show Cause no later than February 28, 2006.

On February 20, 2006, Plaintiff filed a document captioned "Motion for Reconsideration of the Order Granting CDC's Motion to Dismiss" ("Plaintiff's Motion for Reconsideration") [Docket No. 37]. In violation of Civil Local Rule 7-9, Plaintiff filed his Motion for Reconsideration without first seeking leave of Court. In further violation of Civil Local Rule 7-9(c), Plaintiff's Motion for Reconsideration repeats many of the arguments already rejected by this Court in its September 22, 2005 Order and February 14, 2006 Order as being utterly unsupported by the facts alleged in Plaintiff's initial complaint or his First Amended Complaint.

Additionally, as of the date of this Order, Plaintiff has failed to file any response to the Court's February 14, 2006 Order to Show Cause.

The Court finds Plaintiff's counsel's consistent and absolute disregard for the Civil Local Rules and this Court's Orders simply inexcusable. Of significance to the Court is the fact that this case was already dismissed with prejudice on a prior occasion due to Plaintiff's counsel's failure to comply with the Court's September 22, 2005 Order. The Court is even more troubled by the fact that it re-opened the case after relying on certain representations made by Plaintiff's counsel – which later turned out to be patently false – that he had been "diligently" working "in good faith" to draft an amended complaint with additional factual allegations that would comply with the Court's September 22, 2005 Order. The Court also notes that it has expended considerable judicial resources drafting lengthy and comprehensive orders regarding the insufficiencies of Plaintiff's complaints and does not condone Plaintiff's current attempt to have the Court "reconsider" its rulings based on "evidence" that was never submitted to the Court in the first place. Indeed, the content of Plaintiff's Motion for Reconsideration strongly suggests that Plaintiff's counsel has not exercised the type of diligence that Civil Local Rule 7-9(b)(1) requires.

Accordingly,

IT IS HEREBY ORDERED THAT:

(1) Plaintiff and/or Plaintiff's counsel of record shall appear in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California, on **April 26, 2006, at 4:00 p.m.** to show

cause why this case should not be dismissed for lack of subject matter jurisdiction and why sanctions should not be imposed against Plaintiff and/or his counsel of record due to Plaintiff's repeated failure to comply with the Court's Orders and the Civil Local Rules.

(2)	No later than **April 12, 2006**, Plaintiff and/or Plaintiff's counsel of record must file a Certificate of Counsel with the Clerk of the Court explaining why the case should or should not be dismissed for lack of jurisdiction and why sanctions should or should not be imposed.  The Certificate of Counsel shall ONLY address the Court's subject matter jurisdiction and Plaintiff's inability to comply with the Court's Orders.  Plaintiff MAY NOT include, in his Certificate of Counsel, further argument with regard to the Court's Orders pertaining to the CMB and the CDC's Motions to Dismiss.

(3)	Please take notice that this Order requires both the specified court appearance and the filing of the Certificate of Counsel.  **FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION WITH PREJUDICE.**

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Reconsideration [Docket No. 37] is STRICKEN from the record due to Plaintiff's failure to comply with Civil Local Rule 7-9.  Plaintiff is further advised that, if he still wishes to seek leave of Court to file a motion for reconsideration of the Court's February 14, 2006 Order, he may file his ex parte motion ONLY IF the motion FULLY complies with the Civil Local Rules.  For example, Plaintiff may not file a Rule 7-9 motion UNLESS he can demonstrate that: (1) a material difference in fact or law exists from that which was presented to the Court AND the material difference was not known to Plaintiff at the time the Order was issued, DESPITE the exercise of reasonable diligence; or (2) a new material fact or change in law has occurred since February 14, 2006.

IT IS FURTHER ORDERED THAT defendant William A. Norcross' Motion to Dismiss [Docket No. 35] is DENIED WITHOUT PREJUDICE.  If this case is still pending after the April 26, 2006 Order to Show Cause hearing, Defendant Norcross shall re-file his Motion to Dismiss no later than May 9, 2006.

IT IS SO ORDERED.

*Saundra B Armstrong*

4

1  Dated: 3/7/06                                           SAUNDRA BROWN ARMSTRONG
                                                           United States District Judge